THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | | Case No. 3:01-cr-14 (1) |
| v. | : | |
| SHANNON BENSON, | | Judge Walter H. Rice |
| Defendant. | : | |

DECISION AND ENTRY OVERRULING MOTION TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) (DOC. #152) OF DEFENDANT SHANNON BENSON

Before the Court is the Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion," Doc. #152) of Defendant Shannon Benson. For the reasons set forth below, the Motion is OVERRULED.

I. **Factual Background and Procedural History**

On July 18, 2003, Defendant was sentenced to four hundred twenty months imprisonment after being convicted on seven counts from the Indictment of: Armed bank robbery (Counts One, Three, Five, Seven, Nine, and Eleven); and Use of a firearm in a crime of violence (Count Ten). Defendant was sentenced to three hundred months on the armed bank robbery counts to run concurrently, but with the execution of the sentence for Count Eleven deferred until December 6, 2010. For Count Seven, Defendant was sentenced to a mandatory minimum one hundred twenty-month sentence, to run consecutively to the sentences on the armed bank robbery counts. (Judgment, Doc. #114, PAGEID 250-52, citing 18

U.S.C. §§ 924(c)(1)(A)(iii), 1952, 2113(a, d); Indictment, Doc. #16). The 120-month consecutive sentence was subsequently reduced to eighty months. (Decision and Entry, Doc. #140). Defendant is forty-three years old with a present release date of March 5, 2035.[1]

Defendant states that in May 2020, he submitted a compassionate release request to his Warden, who denied the request. (Doc. #152, PAGEID 219). He argues that the high COVID-19 spread at Federal Correctional Institution ("FCI")-Danbury, where he is incarcerated, along with his suffering from hypertension and two serious autoimmune diseases makes him particularly susceptible to developing serious complications from COVID-19. (*Id.* at PAGEID 223-24). Defendant further claims that he is not a danger to the community, and that given the lengthy prison sentence he has already served, he does not present a high recidivism risk. Thus, he asserts, his Motion should be sustained. (*Id.* at PAGEID 224-25).

Plaintiff United States of America (the "Government") argues that, even if Plaintiff's health problems constituted an extraordinary and compelling reason supporting release, the seriousness of his offenses—six armed robberies over the course of more than a year, with violence or threats thereof directed at bank employees and customers—weighs heavily against granting release. (Memo. in Opp., Doc. #153, PAGEID 229). The Government argues that given the seriousness and violent nature of his crimes and his past history of violent crime,

---

[1] https://www.bop.gov/inmateloc/ (last accessed Sept. 20, 2024).

"Defendant's lengthy sentence is necessary to protect the public" and to promote respect for the law. (*Id*). In reply, Defendant emphasizes that he was a teenager when he committed the armed robberies, for which he has served more than twenty years imprisonment, and "that he simply is not the same man that he was when he committed these offenses or when he stood before this Court at sentencing." (Reply, Doc. #154, PAGEID 231). Consequently, he argues, "the Government has failed to make a showing that Mr. Benson, here and now, is such a threat to public safety that his continued incarceration is necessary[.]" (*Id*. at PAGEID 232).

The matter is ripe for decision.

## II.   Legal Standards

A district court may, in certain limited circumstances, grant "compassionate release" and modify a term of imprisonment after it has been imposed:

> [T]he court ... may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), (1) after considering the factors set forth in section 3553(a) to the extent that they are applicable, (2) if it finds that extraordinary and compelling reasons warrant such a reduction . . .(3) and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. [2]

---

[2] The United States Court of Appeals for the Sixth Circuit has held that the Guidelines Section 1B1.13 is not an applicable policy statement with respect to motions for compassionate release filed by prisoner defendants. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Nonetheless, the Court may look to Section 1B1.13 for guidance as to what constitutes an "extraordinary and compelling reason[.]" *Id*. at 519-20.

3

18 U.S.C. § 3582(c)(1)(A)(i) (numeration added). Defendants seeking compassionate release may file a motion with the district court only after they submit a request to his or her warden to move for compassionate relief on their behalf and either (a) the warden denies the request, or (b) the warden does not respond within thirty days from the submission of the request. *Id.* Failure to comply with the exhaustion strictures set forth in the statute deprive a court of authority to entertain the petition. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (internal quotation marks and citation omitted) (First Step Act's exhaustion requirement is, in essence, a "mandatory claim-processing rule[]" that, when properly invoked, courts must enforce by dismissing the motion).

If the district court adjudges that a defendant has not met one of the elements, then it may overrule a motion for compassionate release without discussing any of the other elements. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Further, relief under the statute is wholly discretionary; even if a defendant meets all three elements of the statute, the Court may, but need not, order compassionate release. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020).

### III. Analysis

While the parties agree that Defendant has presented an extraordinary and compelling reason for release[3], that agreement is immaterial to deciding the

---

[3] However, the Court notes that while heightened risk of severe COVID-19 may have been an extraordinary and compelling reason prior to the widespread availability of vaccines, it is no longer. "To that end, we agree with the Seventh Circuit that a defendant's incarceration during the COVID-

4

Motion, because the 18 U.S.C. § 3553(a) factors weigh heavily against release. By his own admission, Defendant and his co-perpetrators stole more than $600,000 across six robberies, in each instance brandishing firearms toward bank employees and customers and, on at least three occasions, hitting employees with the firearms themselves. (Statement of Facts, Doc. #97). Defendant's brazen conduct not only repeatedly endangered public safety, but undermined trust in publicly-regulated institutions. (*See* Doc. #16, PAGEID 209 (Deposits stolen from Huntington National Bank "were then insured by the Federal Deposit Insurance Corporation[.]")). Were this Court to reduce Defendant's sentence to time served, such sentence would fail "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" 18 U.S.C. § 3553(a)(2)(A). As Defendant has failed to satisfy the 18 U.S.C. § 3553(a) factors, his Motion must be overruled.

## IV. Conclusion

For the reasons set forth above, Defendant's Motion for Compassionate Release (Doc. #152) is OVERRULED.[4]

---

19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021), citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021).

[4] This instant Entry does not affect Defendant's ability to file a new motion based on Amendment 814 to the United States Sentencing Guidelines. (Order, Doc. #155). Defendant has until December 13, 2024, to do so. (Notation Order, Doc. #157).

5

The captioned case remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

September 23, 2024

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT